UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ORNELAS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>KATHLEEN DICKINSON, et al.,<br><br>  Defendants.<br>_____/ | CASE NO.   1:12-cv-499-MJS (PC)<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK TO OPEN NEW CASES FOR PLAINTIFFS GONZALES, BRAY, ALVAREZ, AND GUZMAN<br><br>(ECF No. 1) |

I.   **Severance of Plaintiffs' Claims**

Plaintiffs Jorge Ornelas, Mario Gonzales, Anthony Bray, Vincent Alvarez, and Leonel Guzman are state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983. After reviewing the record in this action, the Court has determined that each Plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, all five Plaintiffs are currently housed at Avenal State Prison. In this Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other

facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  In this case, the need for the Plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of all five Plaintiffs will lead to delay and confusion.

Accordingly, the Court shall order Plaintiffs' claims severed.  Plaintiff Ornelas will proceed in this action, while Plaintiffs Gonzales, Bray, Alvarez, and Guzman will proceed in separate civil actions to be opened by the Clerk of the Court.  Each Plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same magistrate judge assigned to the instant action.  The Clerk of the Court shall make an appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of Plaintiffs Gonzales, Bray, Alvarez, and Guzman will be severed, each shall be given thirty days to file, in his own action, an amended complaint and a completed application for leave to proceed in forma pauperis, using the forms provided by the Court with this order.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Ornelas shall proceed as the sole plaintiff in case number 1:12-cv-499-MJS (PC);

2. The claims of Plaintiffs Gonzales, Bray, Alvarez, and Guzman are severed from the claims of Plaintiff Ornelas;

3. The Clerk of the Court is directed to:

 a. Open four separate civil actions for Plaintiffs Gonzales, Bray, Alvarez, and Guzman;

 b. Assign the new actions to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the new actions opened for Plaintiffs Gonzales, Bray, Alvarez, and Guzman;

    d. Place a copy of the Complaint filed on April 6, 2012 in the instant action in the new actions opened for Plaintiffs Gonzales, Bray, Alvarez, and Guzman;

    e. Send Plaintiffs Gonzales, Bray, Alvarez, and Guzman each an endorsed copy of the Complaint, filed April 6, 2012, bearing the case number assigned to his own individual action;

    f. Send Plaintiffs Gonzales, Bray, Alvarez, and Guzman each a civil rights complaint form; and

    g. Send Plaintiffs Gonzales, Bray, Alvarez, and Guzman each an application to proceed in forma pauperis by a prisoner;

  4. Within thirty (30) days from the date of service of this order, Plaintiffs Gonzales, Bray, Alvarez, and Guzman shall each file an amended complaint bearing his new case number and either pay the filing fee in full or submit a completed application to proceed in forma pauperis bearing his new case number; and

  5. The failure to comply with this order will result in a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated: May 1, 2012      /s/ *Michael J. Seng*
               UNITED STATES MAGISTRATE JUDGE