# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ORNELAS, | CASE NO.   1:12-cv-0499-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 1) |
| KATHLEEN DICKINSON, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

Plaintiff Jorge Ornelas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.)

Plaintiff, along with inmates Mario Gonzales, Anthony Bray, Vincent Alvarez, and Leonel Guzman, initiated this action on April 6, 2012. (Compl., ECF No. 1.) On May 3, 2012, the Court severed these other individuals' claims, and directed the Clerk of Court to open new separate civil actions for Gonzales, Bray, Alvarez, and Guzman. (ECF No. 7.)

Jorge Ornelas is now the sole plaintiff in this action. Plaintiff's Complaint is currently before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). 42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## II.   SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at Avenal State Prison ("ASP"), where all of the events alleged in his Complaint occurred. Plaintiff alleges that the following individuals violated his rights under the Fifth, Eighth, and Fourteenth Amendments, as well as the Information Practices Act and 42 U.S.C. §§ 1985, 1997: 1) Kathleen Dickinson, Associate Director, 2) James D. Hartley, Warden of ASP, 3) Ron Davis, Chief Deputy at ASP, 4) Captain Biaggini, ASP F-Six, 5) L. Lopez, Appeals Coordinator at ASP, 6) Sergeant Kramer, ASP F-Six, 7) Sergeant Riddle, ASP F-Six, 8) J. Robles, Correctional Officer at ASP, 9) Officer Hein, ASP F650, and 10) Warden's Advisory Group.

Plaintiff alleges as follows:

In February 2008, after two riots involving Fresno Bulldog inmates and Southern Hispanic inmates, ASP placed Facility Six on a modified program. (Compl. at 5.) On March 18 and June 17, 2009, fights erupted after Defendant Hartley directed inmates from each gang to go on the yard. (Id.) On July 7, 2009, Defendant Hartley issued a report, finding that Southern Hispanic inmates were willing to program without engaging in violence, but Fresno Bulldogs inmates were not, and the Southern Hispanics inmates were given privileges. (Id.) The following year, the Warden and the Secretary of CDCR noted

that violence between the two factions was likely. (Id.)

On October 28, 2011, Southern Hispanic inmates were asked by Defendants Robles and Riddle to sign a statement which indicated they were willing to program. (Compl. at 7.) This policy was implemented by Defendants Dickinson, Hartley, Davis, and the Warden's Advisory Group even though they knew violence between Southern Hispanics and Fresno Bulldogs inmates was still likely. (Id. at 8.) Secretary Cate did not intercede to prevent Defendants Hartley, Davis, and the Warden's Advisory Group from implementing a Willingness to Program policy, and other alternatives were not considered. (Id. at 12-13.) Around this time, any inmates who refused to participate in "staged events" lost certain privileges. (Id. at 9.)

On November 8, 2011, Defendant Hein and other officials had inmates Gonzales, Bray, Alvarez, and Guzman (original plaintiffs in this action) integrate into other housing units, even though prison officials knew this could lead to violence. (Compl. at 10.) A day later, there was a fight between the Southern Hispanics inmates transferred for integration purposes and their Fresno Bulldog neighbors. (Id.) Southern Hispanic inmates housed in another unit also lost privileges, even though they did not participate. (Id.)

In December 2011, Plaintiff filed a group appeal regarding the injustices Southern Hispanic inmates had endured. (Compl. at 10.) On December 16, 2011, Plaintiff was interviewed regarding his appeal. (Id. at 14.) A lieutenant told Plaintiff that his appeal would be processed as a staff complaint even though Plaintiff told him it was not a group appeal. (Id. at 19-20.) Defendant Baggini told Southern Hispanic inmates that their appeal would go nowhere, and Defendant Lopez tried to prevent them from seeking a remedy. (Id. at 20.) Defendant Lopez knowingly changed the designation of the appeal for an unlawful purpose. (Id.) Defendants Davis cancelled the appeal with Defendant Hartley's approval, and noted that it might not be submitted to the Director's Level because Plaintiff refused to convert it into a staff complaint. (Id. at 21.) The appeal was returned to Plaintiff on January 9, 2012. (Id. at 22.) Defendants Hartley and Dickinson were trying to punish Southern Hispanic inmates by taking away their remedies. (Id. at 21.)

Also in December 2011, Defendants Biaggini removed Southern Hispanic inmates from their prison jobs for refusing to integrate with Fresno Bulldog inmates. (Compl. at 12-13.) Around the same time, Defendant Kramer and Davis tried to have Southern Hispanic inmates integrate with Fresno Bulldog inmates, and said there would be reprisals if they did not. (Id. at 13, 19.) These individuals created circumstances likely to lead to violence. (Id.)

In January 2012, Defendant Biaggini started moving some Southern Hispanic inmates to different housing units and took away various privileges they had earned. (Compl. at 22.) These inmates need injunctive relief to protect them from Defendants Dickinson, Hartley, Davis, and the Warden's Advisory Group. (Id.)

Plaintiff needs injunctive relief requiring the removal of information created by Defendants and placed in his file. (Compl. at 24.)

Defendant Dickinson violated Plaintiff's violated Plaintiff's rights under the Eighth and Fourteenth Amendments. (Compl. at 25.) Defendants Hartley, Davis, Biaggini, and Lopez violated Plaintiff's due process and equal protection rights by failing to ensure that Plaintiff had an adequate redress process. (Id.) Defendants violated Plaintiff's rights under the Information Practices Act, Due Process Clause, and 42 U.S.C. §§ 1985, 1997 by placing false information in his file and could use it to deprive Plaintiff of certain rights and privileges in the future. (Id. at 25-26.)

Plaintiff asks for a jury trial, class certification, injunctive relief, declaratory relief, compensatory damages, and punitive damages. (Compl. at 26-27.

### III.    ANALYSIS

#### A.    42 U.S.C. § 1983 Claims

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed .R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. Personal Participation and Supervisory Liability

Pursuant to Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts demonstrating that Defendants Dickinson, Kramer, Riddle, Robles, Hein, and the Warden's Advisory Group personally acted to violate Plaintiff's personal rights. Plaintiff's allegations against these Defendants only relate to general actions taken against Southern Hispanic inmates generally. Plaintiff does not allege these individuals took any specific actions directed against him. Plaintiff's claims against Defendants Dickinson and the Warden's Advisory Group all relate to their policy-making activities or lack of supervision of policy making. Plaintiff's claims against Defendants Riddle, Robles, and Hein describe only orders they gave to other individuals.

Plaintiff has not alleged that any of these Defendants, through their individual actions, violated his rights. Plaintiff shall be given the opportunity to file an amended complaint curing these deficiencies and undertaking specifically to link these Defendants to a violation of his rights.

### C. Eighth Amendment - Conditions of Confinement

Plaintiff alleges, broadly, that his Eighth Amendment rights have been violated by Defendant Dickinson's "Willingness to Program" policy encouraging reintegration of Fresno Bulldog and Southern Hispanic inmates.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734. Delays in providing showers and medical attention for inmates suffering from harmful effects of pepper spray may violate the Eighth

Amendment. Clement v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002).

Plaintiff has not met either requirement for an Eighth Amendment "conditions of confinement" claim. He makes general allegations that his Eighth Amendment rights were violated by prison policies encouraging reintegration of Southern Hispanic and Fresno Bulldog inmates, but does not explain how these policies created an excessive risk of harm to him personally. Nothing in the allegations enable the Court to determine whether Plaintiff faced constitutionally unsafe conditions of confinement as a result of this policy or the manner in which it was implemented. Indeed, his allegations reflect that officials gradually implemented the reintegration program, presumably to lessen its risk of danger.

Plaintiff also fails to allege that any party acted with deliberate indifference to an excessive risk to Plaintiff; he alleges only that Defendant Dickinson was deliberately indifferent in allowing these policies to be enacted. As noted, he fails to explain how or why the reintegration policies posed a serious risk.

Plaintiff will be given leave to amend this claim, and in his amended complaint he should explain why there was a serious risk and how Defendant Dickinson was deliberately indifferent to it. At this stage Plaintiff has not even alleged that she was aware of the policy or described her role in allowing it to be enacted. Plaintiff needs to directly link Defendant Dickinson to these policies and explain how they affected him personally.

### D.     Fourteenth Amendment

Plaintiff alleges that Defendants Hartley, Davis, Biaggini, and Lopez deprived Plaintiff of his rights under the Fourteenth Amendment by failing to treat Plaintiff's appeal as a group appeal and not allowing Plaintiff's appeal to reach the third level of review.

#### 1.     Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68

(1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure. Plaintiff will not be given leave to amend this claim.

        2.        Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, Plaintiff does not allege that he was part of a protected class or that Defendants' actions were a result of Plaintiff's membership in a suspect class. Plaintiff should review the standard set forth above before filing his amended complaint and determine whether he can allege a cognizable equal protection claim.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v.

Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff has not alleged facts to satisfy any of these three factors. He should review this standard before filing an amended complaint, determine which theory of an equal protection claim best applies to him, and then set forth his facts so that the Court may determine if he has a cognizable equal protection claim under either theory.

### E.  42 U.S.C. § 1985 Conspiracy Claim

To state a claim under § 1985(3), a plaintiff allege sufficient facts showing "a deprivation of a right motived by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (quoting Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)). "'The conspiracy . . . must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'" Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790 (1971)) (emphasis omitted). A claim for violation of § 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citing Sever, 978 F.2d at 1536). A mere allegation of conspiracy is insufficient to state a claim. Id. at 676-77.

Plaintiff's Complaint sets forth no facts supporting his conclusory assertion that Defendants engaged in a conspiracy to violate his rights, and he therefore fails to state any conspiracy claims. Iqbal at 1949-50. He will be given leave to amend this claim.

### F.  **Information Practices Act Claim**

Plaintiff argues that Defendants violated the California Information Practices Act (Cal. Civil Code §§ 1798–17.98.78) (hereinafter "IPA") by placing false information in his and other inmates' files. The IPA does restrict disclosure of personal records to certain

situations, including where the disclosing party has obtained the prior written consent of the individual to whom the record pertains or pursuant to a subpoena or court order. Cal. Civ.Code § 1798.24(a), (k). However, Plaintiff does not allege that Defendants disclosed personal information about him in a prohibited manner. Plaintiff only alleges that Defendants placed false information in his file and that they might use it against him in the future. This is not an IPA claim because there is no allegation that there was or will be disclosure of personal records. Plaintiff will not be given leave to amend this claim.

### G. Class Action

Additionally, Plaintiff seeks certification of this litigation as a class action. Plaintiff is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Therefore, Plaintiff's request for class action certification is denied.

### H. Injunctive Relief

Plaintiff seeks injunctive relief in the form of proper medical corrective care and proper medication. (Compl. at 24.)

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn,

-10-

extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101–102 (1983)(plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Here Plaintiff's concerns for his safety are vague and unclear.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## IV.   **CONCLUSION AND ORDER**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. <u>Lopez</u>, 203 F.3d at 1130; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed April 6, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   August 20, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE